IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03040-REB-MEH

LEONID SHIFRIN,

    Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF REAL ESTATE,
ERIN TOLL,
MARCIA WATERS,
PAUL MARTINEZ, and
CARY WHITAKER,

    Defendants.

———————————————————————————————————————————

**ORDER ON MOTION TO RECONSIDER NOTICE OF TREATMENT PURSUANT TO
FED. R. CIV. P. 12(D)**
———————————————————————————————————————————

Pending before the Court is Defendants' Motion to Reconsider Notice of Treatment Pursuant to Fed. R. Civ. P. 12(d) ("Motion") [filed June 6, 2009; docket #34]. In accordance with 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for disposition. The Motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, Defendants' Motion to Reconsider Notice of Treatment Pursuant to Fed. R. Civ. P. 12(d) is **granted**.

## BACKGROUND

On December 31, 2009, Plaintiff, proceeding *pro se*, initiated this action by filing a "Complaint Pursuant to 42 U.S.C. § 1983 et seq." (Docket #1.) Plaintiff seeks declaratory and monetary relief for violation of his Constitutional rights. (*Id.* at 7.) Plaintiff's claim arises from the Colorado Division of Real Estate's decision to deny him a mortgage broker license. (*Id.*)

On February 24, 2010, Defendants filed a "Motion to Dismiss or Abstain, or For Summary Judgment." (Docket #8.) Plaintiff filed a response on March 17, 2010, and Defendants filed their reply in support of the motion on April 12, 2010. (Docket #14; docket #23.) Defendants attached numerous documents to their Motion to Dismiss, including: relevant statutes, Colorado Office of Administrative Court ("OAC") filings, official communications between the Colorado Division of Real Estate and the Plaintiff, rules promulgated by the Division of Real Estate, and filings from a previous complaint brought by Plaintiff in the United States District Court for the District of Colorado. (*See* docket #8.)

On April 20, 2010, this Court notified the parties that Defendants' "Motion to Dismiss or Abstain, or For Summary Judgment" would be treated as a motion for summary judgment because Defendants supported their motion with documents outside of the pleadings. (Docket #27; *see* Fed. R. Civ. P. 12(d).)

Defendants subsequently filed the present motion titled, "Motion to Reconsider Notice of Treatment Pursuant to Fed. R. Civ. P. 12(d)." (Docket #34.) In this Motion, Defendants "assert that none of [the documents attached to their Motion to Dismiss] require this Court to convert Defendants' Motion to one for summary judgment." (*Id.* at 2.) Defendants offer two arguments in support of this assertion. First, Defendants contend that "[c]onsideration of documents outside the pleadings does not convert a Rule 12(b)(1) motion into a motion for summary judgment" because the Court has "wide discretion to allow [ ] other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." (*Id.* at 3 (quoting *Stuart v. Colorado Interstate Gas Co.*, 271 F. 3d 1221, 1225 (10th Cir. 2001) (brackets in original).) Second, Defendants argue that the Court is not required to convert their motion into a motion for summary judgment because the documents

2

attached are either subject to judicial notice or are "referenced in and central to" Plaintiff's complaint. (*Id.* at 4-6.) Alternatively, Defendants offer to withdraw any of the documents attached to their motion that may require the motion to be converted into a motion for summary judgment. (*Id.* at 6.)

In response, Plaintiff "asserts that Defendants' motion is and always was a motion for summary judgment" and that the Court's decision to treat it as a motion for summary judgment should remain unchanged. (Docket #37 at 1.) Plaintiff alleges that the "[d]ocuments attached to Defendants' motion raise factual allegations outside the pleading and require that Defendants' motion be treat[ed] as a motion for summary judgment." (*Id.*) Plaintiff disputes Defendants' claim that the documents at issue are subject to judicial notice, and denies that the documents are "central to Plaintiffs [sic] complaint." (*Id.* at 2.) In the event that the Court considers Defendants' Motion to Dismiss pursuant to Rule 12(b), Plaintiff requests that "all documents submitted with [Defendants'] motion be stricken." (*Id*. at 3.)

## **LEGAL STANDARD**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Such a motion is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## **ANALYSIS**

In their "Motion to Dismiss or Abstain, or for Summary Judgment," Defendants seek the dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), or 56. (*See* docket #8.) Rule 12(d) requires the Court to convert a motion to dismiss to a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." In their "Motion to Reconsider Notice of Treatment Pursuant to Fed. R. Civ. P. 12(d)," Defendants state that:

> [T]hrough this motion, Defendants have clarified that some of their arguments may only be decided under a Rule 12(b)(1) standard, and that when the Court considers Defendants' remaining Rule 12(b)(6) arguments, there are ample reasons to dismiss Plaintiff's Complaint pursuant to Rule 12(b). Accordingly, this Court need never reach Defendants' alternative request that their arguments be considered under Fed. R. Civ. P. 56.

(Docket #34 at 6.) The Court finds that Defendants' request for reconsideration is warranted as Defendants argue the Court has misapprehended the Defendants' position and they do not seek to revisit issues or arguments already addressed.

Here, Defendants make it clear that they do not want their motion converted into a motion for summary judgment, regardless of its title. (*See id.*) Specifically, Defendants seek to "respectfully withdraw those exhibits" which may cause the Court to consider their motion pursuant to Rule 56. (*Id.*) In response to Defendants' Motion to Reconsider, Plaintiff requests that all documents attached to Defendants' Motion to Dismiss be stricken if it is treated pursuant to Rule 12(b). (Docket #37 at 3.) Thus, the issue before the Court is whether the documents attached to

4

Defendants' Rule 12(b) Motion to Dismiss require this Court to convert the Motion to a motion for summary judgment.

I.  **Consideration Pursuant to Fed. R. Civ. P. 12(b)(1)**

"As a general rule, a 12(b)(1) motion cannot be converted into a motion for summary judgment under Rule 56." *Wheeler v. Hurdman*, 825 F. 2d 257, 259 (10th Cir. 1987) *cert. denied*, 484 U.S. 986 (1987). "Unlike the strict limitations under 12(b)(6) against considering matters outside the complaint, a 12(b)(1) motion is considered a 'speaking motion' and can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Id.* at 259 n.5. To resolve a motion that challenges the factual basis for subject matter jurisdiction, "a court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1)." *Id.*

Courts have crafted an exception to this rule, providing "if 'resolution of the jurisdictional question requires resolution of an aspect of the substantive claim,' reference to evidence outside of the pleadings converts the motion to one under Rule 56." *Coal. For Sustainable Res., Inc. v. United States Forest Serv*. 259 F.3d 1244, 1249 (10th Cir. 2001) (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000) (per curiam)). This exception is inapplicable to the jurisdictional issues Defendants raise pursuant to Rule 12(b)(1), including arguments based upon the *Younger* abstention doctrine and Eleventh Amendment immunity. (*See* docket #8; docket #23.)

Rather, the Court has wide discretion in determining what documents may be considered when resolving issues involving subject matter jurisdiction over the complaint in this matter. *See Wheeler*, 825 F. 2d at 259 n.5. This wide discretion enables the Court to consider the documents attached to Defendants' Motion to Dismiss in order to resolve disputed jurisdictional facts under

Rule 12(b)(1). *Id.* Accordingly, the Court finds it is not required to convert Defendants' motion into a Rule 56 motion insofar as the basis for such a motion is Rule 12(b)(1).

## II. Consideration Pursuant to Fed. R. Civ. P. 12(b)(6)

Generally, when ruling on a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a court should not look beyond the contents of the complaint itself. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002). Fed. R. Civ. P. 12(d) requires that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, this Court has "broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998). The mere fact that Defendants provided documents to this Court does not require the Court to rely on those documents. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F. 3d 1334, 1341-42 (10th Cir. 2000). Thus, the Court "has discretion in deciding whether to convert a motion to dismiss into a motion for summary judgment by accepting or rejecting the attached documents." *JP Morgan Trust Co. Nat. Ass'n v. Mid-America Pipeline Co.*, 413 F. Supp. 2d 1244, 1256-57 (D. Kan. 2006).

Notwithstanding these general rules, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a [Rule 12(b)(6)] motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Additionally, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting a motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). This Court may "take judicial

notice of its own files and records, as well as facts which are a matter of public record" without converting a motion dismiss into a motion for summary judgment. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F. 3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F. 3d 946, 955 (10th Cir. 2001). However, these documents "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.2002)).

Here, Defendants contend that all of the documents attached to their motion can be properly considered under Rule 12(b)(6) because the attachments are either (1) referred to in the complaint and central to Plaintiff's claim, or (2) subject to judicial notice. (Docket #34 at 4-6.)

A. <u>Documents Referenced in and Central to Plaintiff's Complaint</u>

Several of the documents attached to the Defendants' "Motion to Dismiss or Abstain, or for Summary Judgment," were referred to in the complaint and are central to Plaintiff's claim: (1) a January 2, 2008 letter from the Division of Real Estate to Plaintiff; (2) a January 17, 2008 letter from Plaintiff, through counsel, requesting a hearing from the Division of Real Estate; (3) a letter dated November 26, 2007 sent from the Division of Real Estate to Plaintiff; (4) a "Charging Document" filed with the Colorado OAC on April 9, 2008; (5) a "Final Agency Order" filed by the Director of the Division of Real Estate with the OAC, dated February 11, 2009; and (6) a letter dated February 11, 2009 sent from the Division of Real Estate to Plaintiff. (*See* docket #1 at 3-4; docket #8-2; docket #8-4; docket #8-7; docket #8-8; docket #8-9; docket #8-13.) All of these documents involve the process in which Plaintiff was denied a mortgage broker license and, hence, are central to Plaintiff's claim that his constitutional rights were violated during the mortgage broker licensing process. The Plaintiff does not dispute the authenticity of these documents. Accordingly, this Court

may consider these documents in Defendants' Rule 12(b)(6) Motion to Dismiss without converting the Motion to a motion for summary judgment. *GFF*, 130 F. 3d at1384.

### B. Judicial Notice of Documents

Several documents attached to Defendants' Motion to Dismiss are subject to judicial notice, because they are either (1) statutes and administrative rules relevant to this case, (2) previous filings in the United States District Court for the District of Colorado, or (3) official documents from Colorado OAC proceedings. (*See* docket #8-1; docket 8-4; docket #8-5; docket #8-6; docket#8-10; docket #8-11; docket #8-12; docket #8-14; docket #8-15; docket #23-1.) Statutes, official Colorado OAC filings, documents previously filed with this Court, and administrative rules are all types of documents that are subject to judicial notice. *See Van Woudenberg*, 211 F.3d at 568 ("We note, however, that the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."); *see also JP Morgan Trust Co.*, 413 F. Supp. 2d at 1263 ("The motion relied on administrative rulings which are properly the subject of judicial notice that the court may consider in resolving a motion to dismiss."); *Martinez v. City and County of Denver*, No. 08-cv-01503-PAB-MJW, 2010 WL 1380529, at *1 (D. Colo. March 31, 2010) (unpublished opinion) (taking judicial notice of administrative records from the EEOC while considering a Rule 12(b)(6) motion to dismiss). Because the documents are subject to judicial notice, this Court may consider them in Defendants' Rule 12(b)(6) Motion to Dismiss without converting the Motion into a motion for summary judgment. *Tal*, 453 F.3d at 1264 n.24.

Although the aforementioned documents *may* be considered in Defendants' Motion to Dismiss, the Court is not required to consider them. Further, the documents the Court chooses to consider will only be "considered to show their contents, not to prove the truth of matters asserted

therein." *Id.* The Court simply acknowledges that consideration of certain documents provided by Defendants does not require the Court to treat their Motion as a motion for summary judgment.

C. <u>Documents Not Considered in Defendants' 12(b)(6) Motion</u>

Defendants request withdrawal of any documents attached to their Motion to Dismiss that would cause it to be converted to a motion for summary judgment. (Docket #34 at 6.) Attached to Defendants' Motion to Dismiss is a document that appears to be a filing with the Colorado OAC, but the document is neither dated nor signed by the attorney who prepared it. (*See* docket #8-3.) This document is offered outside the pleadings and is not referenced in the Plaintiff's complaint; thus, the Court declines to take judicial notice of the document because it is unclear whether the document is an official filing with the Colorado OAC.[1] Because consideration of this document would require the Court to convert Defendants' Motion to Dismiss to a motion for summary judgment, the Court rejects and will not consider the document (docket #8-3) in Defendants' Rule 12(b)(6) Motion to Dismiss. *See JP Morgan Trust Co.*, 413 F. Supp. 2d at 1256-57 (a court "has discretion in deciding whether to convert a motion to dismiss into a motion for summary judgment by accepting or rejecting the attached documents."). Accordingly, the Court need not convert Defendants' Motion to Dismiss into a motion for summary judgment.

## **CONCLUSION**

This Court finds that, based on the foregoing, it is not required to convert Defendants'

---

[1] The decision whether to take judicial notice of a document "is within the [C]ourt's *discretion*." *Klein v. Zavaras*, 80 F.3d 432, 435 n.5 (10th Cir. 1996) (emphasis in original).

9

Motion to Dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Therefore, the Court **grants** Defendants' Motion to Reconsider Notice of Treatment Pursuant to Fed. R. Civ. P. 12(d), and will treat Defendants' Motion to Dismiss or Abstain, or for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as set forth herein.

Dated at Denver, Colorado, this 22nd day of July, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge